IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARTHA CAROL BONEY**     **PLAINTIFF**

v.     Case No. 4:23-cv-00077 KGB

**RETZER RESOURCES, INC.**     **DEFENDANT**

**OPINION AND ORDER**

Before the Court is the motion for summary judgment filed by defendant Retzer Resources, Inc. ("Retzer") (Dkt. No. 15). Plaintiff Martha Carol Boney responded in opposition to the motion, and Retzer filed a reply (Dkt. Nos. 21; 24). For the following reasons, the Court grants Retzer's motion for summary judgment (Dkt. No. 15).

**I.**     **Background**

Unless otherwise specified, the Court draws the following facts from Retzer's statement of undisputed material facts and Ms. Boney's responses to Retzer's statement of undisputed facts (Dkt. Nos. 17; 23).

Retzer is a franchisee of McDonald's Corporation and operates a McDonald's restaurant in Monticello, Arkansas ("the Restaurant") (Dkt. Nos. 17, ¶ 1; 23, ¶ 1). On October 11, 2021, Ms. Boney was an invitee at the Restaurant (*Id.*, ¶ 2). Ms. Boney slipped and fell in an area in the Restaurant that had recently been mopped to address a spill (*Id.*, ¶ 3).

Retzer states that a wet floor sign was present in the immediate area where Ms. Boney fell (Dkt. No. 17, ¶ 4). Ms. Boney admits that a wet floor sign was present in the restaurant at the time that she fell (Dkt. No. 23, ¶ 4). Ms. Boney states with citation to record evidence that the proximity of the sign to the perimeter of the mopped area and to Ms. Boney's fall and the appropriateness/sufficiency of its placement are material facts in dispute (*Id.*). Ms. Boney states

with citation to record evidence that Retzer's compliance with its own mopping policy regarding wet floor sign placement is also a material fact in dispute (*Id.*).

The wet floor sign was a yellow, four-sided sign with both a written warning, stating "WET FLOOR" in bold letters, and a graphic demonstrating a person in the process of falling (Dkt. Nos. 17, ¶ 5; 23, ¶ 5).

Retzer states that there was nothing that blocked or impaired Ms. Boney's ability to see the wet floor sign (Dkt. No. 17, ¶ 6).  Ms. Boney states that she does not recall seeing the sign but admits that she is unaware of anything that blocked or impaired her ability to see the wet floor sign (Dkt. No. 23, ¶ 6).  Ms. Boney states with citation to record evidence that the proximity of the sign to the perimeter of the mopped area and to Ms. Boney's fall and the appropriateness/sufficiency of its placement are material facts in dispute (*Id.*).  Ms. Boney states with citation to record evidence that Retzer's compliance with its own mopping policy regarding wet floor sign placement is also a material fact in dispute (*Id.*).

Retzer states that, by Ms. Boney's own admission, Ms. Boney was fully aware of the hazard of which the wet floor sign provided warning, namely a wet floor, and the risks inherent with this condition (Dkt. No. 17, ¶ 7).  Ms. Boney disputes this statement with citation to record evidence (Dkt. No. 23, ¶ 7).  Ms. Boney disputes that she was fully aware that the wet floor sign provided warning of a wet floor or the risks inherent with this condition at the location where she began to slip and fall (*Id.*).  Ms. Boney states that she does not recall seeing the sign (*Id.*).  Ms. Boney states that she understands that a wet floor can be slippery and that when she gets within a couple of feet of a wet floor sign that she would start to be cautious (*Id.*).  Ms. Boney states that the proximity of the sign to the perimeter of the mopped area and to Ms. Boney's fall and the appropriateness/sufficiency of its placement are material facts in dispute (*Id.*).  Ms. Boney states

2

that Retzer's compliance with its own mopping policy regarding wet floor sign placement is also a material fact in dispute (*Id.*).

Retzer states that there is no dispute that that the presence of the wet floor sign informed Ms. Boney, and any objectively reasonable person in her position, of the wet floor and its inherent hazards (Dkt. No. 17, ¶ 8). Ms. Boney disputes this statement with citation to record evidence (Dkt. No. 23, ¶ 8). Ms. Boney states that she disputes that the wet floor sign informed her of the wet floor at the location where she began to slip and fall (*Id.*). Ms. Boney states that whether the presence of the wet floor sign would have informed any objectively reasonable person in her position of the wet floor and its inherent hazards at the location where she began to slip and fall is a material fact in dispute (*Id.*). Ms. Boney states that Retzer's compliance with its own mopping policy regarding wet floor sign placement is also a material fact in dispute (*Id.*).

## II.     Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); *UnitedHealth Group Inc. v. Executive Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Federal Rule of Civil Procedure 56 and noting that summary judgment is proper if there is no genuine issue of material fact for trial).

Under such circumstances, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322. "In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'" *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923

3

(8th Cir. 2004) (internal citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Johnson Regional Medical Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III.     Analysis

This is a diversity case and is therefore governed by state substantive law. *Murray v. Greenwich Ins. Co.*, 533 F.3d 644, 648 (8th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under Arkansas law, an invitee is "one induced to come onto property for the business benefit of the possessor." *Bader v. Lawson*, 898 S.W.2d 40, 42 (Ark. 1995) (quoting *Lively v. Libbey Mem. Physical Med. Ctr.*, 841 S.W.2d 609 (Ark. 1992)). A property owner owes a general duty to exercise ordinary care to maintain their premises in a reasonably safe condition for the benefit of invitees. *Young v. Paxton*, 873 S.W.2d 546, 661-62 (Ark. 1994).

However, "a landowner generally does not owe a duty to a business invitee if a danger is known or obvious." *Pinson v. 45 Dev., LLC*, 758 F.3d 948, 952 (8th Cir. 2014) (citing *Kuykendall v. Newgent*, 504 S.W.2d 344, 345 (Ark. 1974)).  *See also Dollar Gen. Corp. v. Elder*, 600 S.W.3d 597, 603 (Ark. 2020) (same).  This is known as the "obvious danger rule." *Jenkins v. Int'l Paper Co.*, 887 S.W.2d 300, 303 (Ark. 1994).  "A dangerous condition is 'obvious' where 'both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'" *Van DeVeer v. RTJ, Inc.*, 101 S.W.3d 881, 885 (Ark. Ct. App. 2003) (quoting Restatement (Second) of Torts § 343A).

The obvious danger rule, however, contains an exception.  It does not apply when "the invitee is forced, as a practical matter, to encounter a known or obvious risk in order to perform [their] job." *Carton v. Missouri Pac. R. Co.*, 798 S.W.2d 674, 676 (Ark. 1990) (citing *Kuykendall*, 504 S.W.2d at 345).  *See also Hope Med. Park Hosp. v. Varner*, 568 S.W.3d 818, 823 (Ark. Ct. App. 2019) (holding that a tree root the plaintiff tripped over was a known and obvious danger and that the plaintiff was not forced to encounter it when there was a path by which she could have walked around it).  "The question of whether a duty is owed is always a question of law and never one of fact for the jury." *Van DeVeer,* 101 S.W.3d at 884 (citing *Bryant v. Putnam*, 908 S.W.2d 338 (Ark. 1995)).

Ms. Boney entered the McDonald's restaurant in Monticello, Arkansas, on October 11, 2021, for the business benefit of the restaurant and was therefore an invitee (Dkt. Nos. 17, ¶ 2; 23, ¶ 2).  It is undisputed that there was a wet floor sign in the restaurant when Ms. Boney slipped and fell (Dkt. Nos. 17, ¶ 4-5; 23, ¶ 4-5).  Ms. Boney states that the proximity of the sign to her fall is a material fact in dispute (Dkt. No. 23, ¶¶ 4, 6, 7).  However, security video in the record before the

5

Court shows Ms. Boney's proximity to the cone at the time she fell (Dkt. No. 25, at 08:57:59). Ms. Boney does not dispute the veracity of the video (Dkt. No. 21, ¶¶ 3-5). Retzer argues that the video allows Ms. Boney's distance from the wet floor sign at the time she fell to be accurately measured because the floor tiles are each two feet long and one foot wide (Dkt. No. 16, at 2). Although Ms. Boney challenges certain record evidence, Ms. Boney does not dispute the substance of this claim regarding the measurements of the floor tiles.[1] The security video shows that Ms. Boney slipped while approximately one to three feet away from the wet floor sign and while walking almost directly towards the sign (Dkt. No. 25). Based on the record evidence before the Court and drawing all reasonable inferences in favor of the non-moving party, Ms. Boney, no reasonable jury could conclude that the patch of wet floor on which Ms. Boney slipped – approximately one to three feet from the wet floor sign – would not have been an obvious danger to a reasonable person in Ms. Boney's position. *Van DeVeer*, 101 S.W.3d at 885.

Ms. Boney argues that even if the danger was obvious, the exception to the obvious danger rule applies here because Ms. Boney was forced to encounter the danger (Dkt. No. 22, at 8, 9, 11). This exception applies when "the invitee is forced, as a practical matter, to encounter a known or obvious risk in order to perform [their] job." *Carton*, 798 S.W.2d at 676 (citation omitted). In this case Ms. Boney did not enter the McDonald's restaurant in order to perform her job, so the

---

[1] This evidence is contained, in part, in the affidavit of Billy Barnett (Dkt. No. 15-1). Ms. Boney objects to the affidavit and states that it should be stricken on the grounds that Mr. Barnett lacks personal knowledge of the incident (Dkt. No. 22, at 6-7). The Court understands this objection to be based on Federal Rule of Civil Procedure 56(c)(4), which requires that affidavits be made on personal knowledge. Mr. Barnett was not present for the slip and fall incident that precipitated this case, but he has personal knowledge of the information he attests to in the affidavit regarding the layout of the restaurant, the authenticity of the screenshots of the security video, and the dimensions of the tile in the Restaurant where the incident occurred (Dkt. No. 15-1). This affidavit presents evidence that would be admissible. For these reasons, the Court overrules Ms. Boney's objection and declines to strike from the record the affidavit of Mr. Barnett (*Id.*).

exception does not apply. Even if the exception did apply on the facts of this case, based on the record evidence before the Court with all reasonable inferences construed in favor of Ms. Boney, no reasonable jury could conclude that Ms. Boney was forced to encounter the wet patch of floor at the time of this incident. There is record evidence that there were other places in the McDonald's restaurant to sit and that there were alternate routes Ms. Boney could have taken to the other side of the restaurant (Dkt. No. 24, at 12-14).

Ms. Boney also argues that Retzer is liable because the wet floor sign was already in place before McDonald's employee Denise Ambrose mopped and because Ms. Ambrose testified that she did not move the wet floor sign based on the location of the wet area after mopping (Dkt. Nos. 22, at 9-10; 21-1, at 21:3-18). Ms. Boney argues that wet floor signs should have been placed at the perimeter of the mopped area because McDonald's policy and training directs employees to place a cone at each of the four corners of the area that has been mopped (Dkt. Nos. 22, at 10; 21-1, at 7:7-10, 10:17-21, 12:3-10, 15:11-17, 26:10-19). There is "well-established Arkansas law holding that a company's internal policy cannot create a legal duty where none exists." *Watson v. Sw. Arkansas Elec. Coop. Corp.*, Case No. 4:18-CV-4158, 2020 WL 33223, at *5 (W.D. Ark. Jan. 2, 2020) (citing *Bedell v. Williams*, 386 S.W.3d 493, 500 (Ark. 2012)). The existence of the McDonald's policy therefore has no effect on the Court's analysis of the legal duty that Retzer owed to Ms. Boney with regard to the wet floor sign and the recently mopped floor. It may be the case that the wet floor sign would not have warned a reasonable person in Ms. Boney's position of the full extent of the area of floor that was wet. To resolve the pending motion, the Court need not decide that question. Based on the record evidence before the Court with all reasonable inferences construed in favor of Ms. Boney, no reasonable jury could conclude that the wet floor

sign would have failed to make the risk that the floor was wet at the location where Ms. Boney was walking obvious to a reasonable person in Ms. Boney's position.

### IV.     Conclusion

For the foregoing reasons, the Court grants Retzer's motion for summary judgment (Dkt. No. 15). The Court denies as moot the parties' pending motions *in limine* as moot (Dkt. Nos. 33; 34). The Court dismisses with prejudice Ms. Boney's complaint (Dkt. No. 2).

It is so ordered this 16th day of September, 2024.

                                                    Kristine G. Baker
                                                    Chief United States District Judge